

**FILED**

May 01, 2023 04:04 PM
SX-2017-CV-00302
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| HAILL HASSAN, | Civil No. SX-2017-CV-302 |
| PLAINTIFF, | ACTION FOR DAMAGES |
| V. | |
| BRIAN/BRYAN BISHOP, | |
| DEFENDANT. | CITE AS: 2023 VI SUPER 20 |

**Appearances:**
**Haill Hassan, Pro se**
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Douglas L. Capdeville, Esq.**
**Alisha Udhwani, Esq.**
Law Offices of Douglas L. Capdeville, P.C.
Christiansted, U.S. Virgin Islands
*For Defendant*

## MEMORANDUM OPINION

**WILLOCKS, Senior Sitting Judge**

**THIS MATTER** came before the Court on Defendant Brian/Bryan Bishop's (hereinafter "Defendant") motion to dismiss for failure to prosecute, filed on February 24, 2022, and Defendant's renewed motion to dismiss for failure to prosecute, filed on February 22, 2023. Plaintiff did not file an opposition in response to either motion.

## BACKGROUND

On July 12, 2017, Plaintiff Haill Hassan (hereinafter "Plaintiff") filed a complaint against Defendant in connection with an incident that occurred on or about July 13, 2015. On November 30, 2017, Defendant filed an answer in response. The parties then proceeded to discovery.

On March 2, 2018, a scheduling order was entered.

On August 21, 2019, the Court entered an order whereby the Court, inter alia, granted Anna M. Washburn, Esq.'s motion to withdraw as counsel of record for Plaintiff and ordered Plaintiff to retain counsel or appear pro se within thirty days. Plaintiff subsequently proceeded as a pro se litigant in this matter.

On November 25, 2020, a first amended scheduling order was entered.

On March 12, 2021, a second amended scheduling order was entered.

On February 4, 2022, the Court entered an order whereby the Court, inter alia, granted Defendant's motion to compel discovery responses and ordered Plaintiff to provide discovery responses to Defendant within fifteen days.

On February 24, 2022, Defendant filed a motion to dismiss for failure to prosecute and on February 22, 2023, Defendant filed a renewed motion to dismiss for failure to prosecute. Plaintiff did not file an opposition in response to either motion.

## STANDARD OF REVIEW

Rule 41(b) of the Virgin Islands Rules of Civil Procedure provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it" and that "[u]nless the dismissal order states otherwise, a dismissal under this subpart (b) and any dismissal not under this rule -- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 -- operates as an adjudication on the merits." V.I. R. CIV. P. 41(b). In *Halliday v. Footlocker Specialty, Inc.*, the Virgin Islands Supreme Court adopted the six *Poulis* factors and held that "the Superior Court may not dismiss an action for failure to prosecute unless these six [*Poulis*] factors strongly weigh in favor of dismissal as a sanction." 53 V.I. 505, 511 (V.I. 2010). *See V.I. Taxi Ass'n v. V.I. Port Auth.*, 67 V.I. 643, 693 n.30 (2017) ("This itself constitutes error, as the Superior Court must conclude that,

when weighed against one another, the six *Halliday* factors "strongly weigh in favor of dismissal

as a sanction" for failure to prosecute.") (citing *Halliday*, 53 V.I. at 511). The six *Poulis* factors

are:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused
> by the failure to meet scheduling orders and respond to discovery; (3) a history of
> dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith;
> (5) the effectiveness of sanctions other than dismissal, which entails an analysis of
> alternative sanctions; and (6) the meritoriousness of the claim or defense.
>
> *Molloy v. Independent Blue Cross*, 56 V.I. 155, 185-86 (V.I. 2012) (quoting *Poulis*, 747
>
> F.2d at 868).

In *Molloy*, the Virgin Islands Supreme Court instructed that "[a]lthough a trial court is not required

to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court

must explicitly consider all six factors, balance them, and make express findings." 56 V.I. 155,

186 (V.I. 2012) (citations omitted). In other words, "the 'extreme' sanction of dismissal is reserved

for instances in which 'a trial court makes appropriate findings to all six factors'" and "[w]ithout

them, the drastic sanction of dismissal 'cannot be warranted.'" *Id.* (citations omitted).

## DISCUSSION

### I.      Defendant's February 24, 2022 Motion to Dismiss for Failure to Prosecute

In his motion, Defendant argued that this matter should be dismissed for failure to

prosecute. This matter has been pending against Defendant since 2017 with minimal movement.

At this juncture, the Court will consider the six *Poulis* factors and determine whether dismissal for

failure to prosecute is warranted in this instance.

#### 1.  Haill Hasson's Personal Responsibility

For this factor, Defendant argued that "it is clear that the delay in this matter is a result of

Plaintiff's inability to adhere to his personal responsibility" and that this factor "weighs in favor

of dismissing this matter." (Motion 5-6.) Defendant made the following assertions in support of

his argument: (i) Defendant propounded his discovery on November 30, 2017, and Plaintiff has

failed to respond despite Defendant's inquiries and the Court's February 4, 2022 order. (Motion,

4-5); (ii) "Plaintiff has also failed to serve Defendant with a Rule 26 disclosure." (Id., at 5); and

(iii) "Plaintiff has not filed any motion or pleadings that would move this case along since that

time." (Id.)

Haill Hasson was initially represented by counsel but proceeded as a pro se litigant once

the Court granted Anna M. Washburn, Esq.'s motion to withdraw as counsel in August 2019. This

factor focuses on whether it was the plaintiff—Haill Hassan—or his attorney who is responsible

for the delay. Here, there is direct evidence that Plaintiff himself was responsible for the delay in

moving his claim against Defendant forward since Plaintiff is a pro se litigant—to wit, Plaintiff's

failure to attend status conference(s), Plaintiff's failure to participate in discovery, Plaintiff's

failure to comply with the scheduling orders, Plaintiff's failure to comply with the February 4,

2022 order, and Plaintiff's failure to take any initiative to move this matter forward. While

Plaintiff, as a pro se litigant, is "entitled to additional leniency, that leniency is not a license

[excusing non-compliance] with relevant rules of procedural and substantive law." *Montgomery*

*v. Virgin Grand Villas St. John Owners' Association,* 71 V.I. 1119, 1127-28 (V.I. 2019) (internal

quotation omitted); *see also, Phillip v. Marsh-Monsanto,* 66 V.I. 612, 622 (V.I. 2017) (noting that

the leniency toward pro se litigants has limits). As of the date of this Order, despite Defendant's

February 24, 2022 motion to dismiss for failure to prosecute, and Defendant's February 22, 2023

renewed motion to dismiss for failure to prosecute, this case has continued to remain stagnant.

Thus, the Court finds Plaintiff personally responsible for the delay in the prosecution of this matter.

As such, this factor weighs strongly in favor of dismissal.

## 2. Prejudice to the Adversary

For this factor, Defendant argued that Plaintiff's delay in the prosecution of this matter prejudices Defendant's ability to develop a legitimate defense" and that this factor "weighs in favor of dismissal." (Motion 6.) Defendant made the following assertions in support of his argument: (i) "Being that the alleged incident that brought about this lawsuit occurred almost seven (7) years ago, locating the same witnesses who sufficiently recall this incident will be extremely difficult, if not impossible." (Id.); and (ii) "Defendant's case has been severely prejudiced since he is now without witnesses with robust memories of the incident in question." (Id.)

In *Molloy*, the Virgin Islands Supreme Court stated that "[p]rejudice to the opposing party is generally demonstrated by either increased expense to the opposing party arising from the extra costs associated with filings responding to dilatory behavior or increased difficulty in the opposing parties' ability to present or defend their claim(s) due to the improper behavior." 56 V.I. at 189 (*citing Poulis*, 747 F.2d at 868). As noted above, there has been minimal movement in this matter since the inception. As Defendant pointed out in his motion, with the passage of time, evidence could be lost, memories could fade, and witnesses could disappear or become unavailable. This case has been pending since 2017 concerning an incident that occurred almost eight years ago—on or about July 13, 2015. As with any case, a lengthy delay—such as an eight-year delay—will certainly make it more difficult for the defendant to defend against the claims. As such, this factor weighs strongly in favor of dismissal.

## 3. A History of Dilatoriness

For this factor, Defendant argued that "it is clear that a history of dilatoriness exists" and that this factor "weighs in favor of dismissing this matter." (Motion 6-7.) Defendant made the

following assertion in support of his argument: "Throughout the life of this case, Plaintiff has failed to appear at status conferences, to meet and confer with Defense Counsel regarding the production of discovery, and to provide Defendant with responses to discovery requests."[1] (Id., at 7).

A history of dilatoriness is characterized by a consistent delay in the prosecution of this matter. *See Gilbert v. Gilbert*, 2017 V.I. LEXIS 143, *8 (Super. Ct. Sep. 11, 2017) (citing *Poulis*, 747 F.2d at 868); *see also, Encarnacion v. Gov't of the V.I.*, 2018 V.I. LEXIS 73, *6-7 (V.I. Super. Ct. July 31, 2018) ("Plaintiff has engaged in a history of dilatoriness such that "litigation has been characterized by a consistent delay.") (quoting *Poulis*, 747 F.2d at 868). As noted above, this matter has been pending against Defendant since 2017 with minimal movement. Furthermore, as Defendant pointed out in his motion, Plaintiff has been dilatory in prosecuting his claim as evidenced by Plaintiff's failure to attend status conference(s), Plaintiff's failure to participate in discovery, Plaintiff's failure to comply with the scheduling orders, Plaintiff's failure to comply with the February 4, 2022 order, and Plaintiff's failure to take any initiative to move this matter forward. Thus, the Court finds a history of dilatoriness in the prosecution of this matter and this factor weighs strongly in favor of dismissal.

### 4. Offending Party/Attorney's Conduct Willful or in Bad Faith

For this factor, Defendant argued that "it is clear that Plaintiff has willfully abandoned this matter, as there has not been any movement from Plaintiff in the last five (5) years" and that this factor "weighs in favor of dismissing this matter." (Motion 7.) Defendant made the following assertion in support of his argument: "Plaintiff has been in possession of Defendant's discovery requests since November 30, 2017 [and] [e]ven after the Court's February 3, 2022, Order requiring

---

[1] Plaintiff referenced: Exhibit H-Record of Proceedings dated February 13, 2020; Exhibit F-Record of Proceeding dated February 10, 2022; Exhibit E-Affidavit of Alisha Udhwani dated February 22, 2022.

Plaintiff to respond to Defendant's requests for discovery, Plaintiff has made no effort whatsoever to answer any of Defendant's discovery requests or to propound is Rule 26 disclosures." (Id.)

In *Molloy*, the Virgin Islands Supreme Court stated that "the trial court must point to specific evidence to justify its determination of willfulness or bad faith." 56 V.I. at 192. Thus, if there is no evidence of willfulness or bad faith on the record, the Court must presume the party/attorney's conduct was not willful or in bad faith. *Id.* In *Virgin Islands Taxi Association*, the Virgin Islands Supreme Court clarified that "'[w]illful' conduct that justifies dismissal is conduct 'that is deliberate and contumacious,' and that 'involves intentional or self-serving behavior.'" 67 V.I. 643, 698 (V.I. 2017) (quoting *Watts v. Two Plus Two, Inc.*, 54 V.I. 286, 308 (V.I. 2010) (citations omitted). "Willful conduct, without a finding of bad faith, may still support a conclusion that dismissal for failure to prosecute is warranted, but the absence of a good-faith effort to prosecute a case does not." *V.I. Taxi Ass'n*, 67 V.I. at 699 (citations omitted). Here, although there is no specific evidence to justify a determination that Plaintiff's conduct was in bad faith, there is specific evidence to justify a determination that Plaintiff's conduct was willful—to wit, Plaintiff's failure to attend status conference(s), Plaintiff's failure to participate in discovery, Plaintiff's failure to comply with the scheduling orders, Plaintiff's failure to comply with the February 4, 2022 order, and Plaintiff's failure to take any initiative to move this matter forward. As such, this factor weighs in favor of dismissal.

### 5. Effectiveness of Alternate Sanctions

For this factor, Defendant argued that "alternative sanctions would not be effective in this matter" and that this factor "weighs in favor of dismissing this matter." (Motion 7.) Defendant made the following assertions in support of his argument: (i) "Throughout the life of this case, Plaintiff has failed to substantiate any of the claims alleged in his Complaint." (Id.); and (ii) "This

Court has ordered Plaintiff to respond to Defendant's requests for discovery, and Plaintiff ignored the Court's Orders" and "Plaintiff has failed to provide a single response to any of Defendant's requests for discovery." (Id.)

Courts must look to other appropriate methods of sanctioning before dismissal for failure to prosecute because "[d]ismissal must be a sanction of last, not first, resort." *Gilbert*, 2017 V.I. LEXIS 143 at *10 (citing *Poulis*, 747 F.2d at 869). Here, some alternate sanctions include excluding evidence, precluding witnesses, striking portions of the pleadings, or imposing monetary sanctions. *See Id.* However, none of these alternatives are appropriate here because in taking everything into consideration—such as the fact that Plaintiff's claim against Defendant has been pending since the inception with minimal movement and Plaintiff' dilatory and lackadaisical approach to his claim against Defendant—the Court finds that there lacks a clear interest on Plaintiff's part to pursue its case against Defendant. As such, this factor weighs strongly in favor of dismissal.

### 6. Meritoriousness of the Claim

For this factor, Defendant argued that "Plaintiff's claims are non-meritorious" and that this factor "weighs in favor of dismissing this matter." (Motion 8.) Defendant made the following assertion in support of his argument: "To date, Plaintiff has failed to provide a single piece of discovery to substantiate any of the claims alleged in his Complaint." (Id., at 7.)

Unlike what Defendant suggested, determining the meritoriousness of the claim in this inquiry does not require the Plaintiff to provide evidence to substantiate his claim. "In considering whether a claim or defense appears to be meritorious for this inquiry, we do not purport to use summary judgment standards. A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would

constitute a complete defense." *Gilbert*, 2017 V.I. LEXIS 143 at *10 (quoting *Poulis*, 747 F.2d at 869-70); *see V.I. Taxi Ass'n*, 67 V.I. at 700 ("'A claim, or defense, will be deemed meritorious where the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense,'" *Molloy*, 56 V.I. at 188 (quoting *Poulis*, 747 F.2d at 869-70), and the Superior Court must consider whether it was "likely, or even possible that [VITA] could prevail at trial on [its] allegations." *Id.*). Plaintiff did not set forth any counts designating specific causes of action as required under Rule 8 of the Virgin Islands Rules of Civil Procedure.[2] Nevertheless, based on the allegation, the Court deduced that Plaintiff alleged in his complaint a single negligence cause of action against Defendant.[3]

### a. Negligence

"The foundational elements of a negligence cause of action are: (1) a legal duty of care to the plaintiff; (2) defendant's breach of that duty of care; (3) factual and legal causation; and (4) damages. *Aubain v. Kazi Foods of the V.I., Inc.*, 70 V.I. 943, 948-49 (V.I. 2019) (citing *Coastal Air Transp. v. Royer*, 64 V.I. 645, 651 (V.I. 2016). In his complaint, Plaintiff alleged: (i) "That on or about July 13, 2015, in the evening/night time hours, [he] was a pedestrian who was walking on or near Estate St. John Rd, in Christiansted, St. Croix, at which time he was attempting to cross the roadway at or near its intersection with the roadway known as Judith's Fancy Rd." (Compl. ¶ 4); (ii) "That at the same time and place the Defendant, Bishop was operating his 2015 Nissan

---

[2] The Virgin Islands Rules of Civil Procedures went into effect on March 31, 2017 and thus, Rule 8 of the Virgin Islands Rules of Civil Procedures was in effect when Plaintiff filed his complaint.

[3] The complaint was drafted by Plaintiff's counsel at the time, Anna W. Washburn, Esq., and she may have intended to allege other causes of action against Defendant. But alas, Plaintiff cannot and should not expect the Court to parse through Plaintiff's allegations, decipher which causes of action are alleged, and determine which facts satisfy the elements of each, or in this instance, create a cause of action against Defendant out of thin air. The Court cannot do Plaintiff's job for him. *Cf. Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so.").

Pathfinder, in a southerly direction on the Judith's Fancy Rd., at which time he negligently, recklessly and wantonly struck the Plaintiff's body with his Nissan vehicle, which actions caused serious damages to Petitioner." (Compl. ¶ 5); (iii) "That Defendant Bishop was negligent in the following particulars, to wit: careless operation of his vehicle, failing to see what he should have seen, operating the vehicle at an unsafe rate of speed under the circumstances then and there existing, and any and all other acts of negligence that may be proven at trial of this matter." (Comp. ¶ 6); (iv) "That as a result of the aforementioned acts and omissions of Defendant, Plaintiff, Haill Hassan, suffered and will continue to suffer in the future, the following physical injuries physical pain and suffering, medical expenses, permanent disabilities and scarring, mental pain and anguish, loss of earnings and earning capacity, and loss of enjoyment of life. (Compl. ¶ 7.) The Court finds Plaintiff's claim meritorious because if these allegations are established at trial, they would support recovery by Plaintiff. As such, the Court finds this factor weighs against dismissal.

Having examined the six *Poulis* factors regarding the dismissal of Plaintiff's claim against Defendant for failure to prosecute, the Court finds these factors strongly weigh in favor of dismissal as a sanction—to wit, only one factor weighs against dismissal versus five factors weigh in favor of dismissal (with four factors weighing strongly in favor). Accordingly, the Court finds the extreme sanction of dismissal is warranted in this instance. *See Molloy*, 56 V.I. at 186 ("Although a trial court is not required to find that all the factors weigh in favor of dismissal to warrant dismissal of the claim, the court must explicitly consider all six factors, balance them, and make express findings."); *see also, Halliday*, 53 V.I. at 511 ("[T]he Superior Court may not dismiss an action for failure to prosecute unless these six [*Poulis*] factors strongly weigh in favor of dismissal as a sanction."); *V.I. Taxi Ass'n*, 67 V.I. at 693 n.30 (quoting *Halliday*, 53 V.I. at 511.).

**II.    Defendant's February 22, 2023 renewed Motion to Dismiss for Failure to Prosecute**

Given the Court's ruling above, the Court will deny as moot Defendant's February 22, 2023 renewed motion to dismiss for failure to prosecute

## CONCLUSION

Based on the foregoing, the Court will grant Defendant's February 24, 2022 motion to dismiss for failure to prosecute, deny as moot Defendant's February 22, 2023 renewed motion to dismiss for failure to prosecute, and dismiss with prejudice Plaintiff's complaint against Defendant. *See* V.I. R. CIV. P. 41(b). Additionally, the Court will close this matter since there are no other pending issues herein. An order and judgment consistent with this Memorandum Opinion will be entered contemporaneously herewith.

**DONE this ____1st____ day of May 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
     , Court Clerk Supervisor
Dated: ___May 1, 2023___

_____
HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**

IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
May 01, 2023 04:08 PM
SX-2017-CV-00302
TAMARA CHARLES
CLERK OF THE COURT



**SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| HAILL HASSAN, | Civil No. SX-2017-CV-302 |
| PLAINTIFF, | ACTION FOR DAMAGES |
| V. | |
| BRIAN/BRYAN BISHOP, | CITE AS: 2023 VI SUPER 20 |
| DEFENDANT. | |

**Appearances:**
**Haill Hassan, Pro se**
Christiansted, U.S. Virgin Islands
*For Plaintiff*

**Douglas L. Capdeville, Esq.**
**Alisha Udhwani, Esq.**
Law Offices of Douglas L. Capdeville, P.C.
Christiansted, U.S. Virgin Islands
*For Defendant*

## ORDER AND JUDGMENT

**WILLOCKS, Senior Sitting Judge**

In accordance with the Memorandum Opinion entered contemporaneously herewith, it is hereby:

**ORDERED, ADJUDGED, AND DECREED** that Defendant's motion to dismiss for failure to prosecute, filed on February 24, 2022, is **GRANTED**, and Defendant's renewed motion to dismiss for failure to prosecute, filed on February 22, 2023, is **GRANTED. And** it is further:

**ORDERED** that Plaintiff's complaint against Defendant is **DISMISSED WITH PREJUDICE** for failure to prosecute.

**DONE and so ORDERED this** 1st **day of** May **2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor

Dated: _____

HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**



**FILED**
May 01, 2023 04:12 PM
SX-2017-CV-00302
TAMARA CHARLES
CLERK OF THE COURT

# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
### District of St. Croix

**Haill Hassan,**

      **Plaintiff**

**v.**

**Brian Bishop,**

      **Defendant.**

Case Number: **SX-2017-CV-00302**
Action: **Damages**

## NOTICE of ENTRY
## of
## <u>Order</u>

**To:** Haiil Hassan (ros)

DOUGLAS L. CAPDEVILLE, Esq.

Alisha Udhwani, Esq.

      **Please take notice that on May 01, 2023 a(n)** Memorandum opinion order and judgment **dated** May 1, 2023 **was/were entered by the Clerk in the above-titled matter.**

**Dated:** May 01, 2023

**Tamara Charles**

**Clerk of the Court**

By:

**Sharisse Bascombe**
**Court Clerk Supervisor**